

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:04-mj-215** |
| | § | |
| **ROBERT TOWNLEY** | § | |

### ORDER ON MOTION FOR JURY TRIAL

This criminal proceeding is before the undersigned for consideration and ultimate disposition. Defendant, Robert Townley, is charged in a one count Information with violating Title 18, United States Code, Section 113(a)(4). The charged crime is classified as a petty offense. *See* 18 U.S.C. §§ 19 and 3559; *United States v. Paternostro*, 966 F.2d 907 (5th Cir. 1992); *United States v. Stewart*, 568 F.2d 501 (6th Cir. 1978); *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000).

Pending before the Court is Defendant's *Motion for Jury Trial* [Clerk's doc. #13]. Defendant admits that a jury trial is not required in petty offense cases but further states that he knows of no prohibition to a jury trial. *See Motion*.

The law clearly indicates that a defendant is not entitled to a jury trial in cases of petty offenses. *See Paternostro*, 966 F.3d at 913. He may have a jury trial only upon the rare showing

that additional penalties, viewed in conjunction with the maximum term of incarceration, "are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *See Blanton v. North Las Vegas*, 489 U.S. 538, 543 (1989).  Mr. Townley has not made such a showing in this case.  The Court concludes that he is not entitled to a jury trial.

Accordingly, the Court **ORDERS** that the *Motion for Jury Trial* [Clerk's doc. #13] is **DENIED**.  The charging Information will be tried to the undersigned as scheduled on April 26, 2005.

It is so ordered.

**SIGNED this the 20th day of April, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

**2**